UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Kris Latz**<br>**1002 North Superior St**<br>**Toledo OH 43604**<br><br>**Plaintiff,**<br>v.<br><br>**Bridgepoint Education d/b/a Ashford University**<br>**13500 Evening Creek Drive North**<br>**Suite 600**<br>**San Diego, CA 92128**<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>**Defendants.** | CASE NO.: 3:14-cv-2386<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Kris Latz, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Bridgepoint Education d/b/a Ashford University (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Kris Latz (hereafter "Plaintiff"), is an adult individual whose residence is in Toledo, Ohio, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Bridgepoint Education d/b/a Ashford University ("Bridgepoint"), is a California business entity with an address of 13500 Evening Creek Drive North, Suite 600, San Diego, California 92128, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendants John and Jane Does 1 - 10 are the individual employees and/or agents employed by Bridgepoint, but whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Bridgepoint at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, Bridgepoint placed calls to Plaintiff's cellular telephone in an attempt to solicit to Plaintiff its services.

8. At all times referenced herein, Bridgepoint placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

9. When Plaintiff answered the calls, he was met with music and had to wait on the line to be connected to the next available customer service representative.

10. During a live conversation in or around July 2014, Plaintiff advised Bridgepoint that he was not interested in Bridgepoint's services and directed Bridgepoint to remove his number from its system and cease all calls to him.

11. Thereafter, Bridgepoint continued to place calls to Plaintiff's cellular telephone at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et. seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Bridgepoint called Plaintiff on his cellular telephones using an ATDS or predictive dialer and a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Bridgepoint's telephone systems have some earmarks of a Predictive Dialer.

16. When Plaintiff answered the phone, he was met with music before Defendants' telephone system would connect him to the next available representative.

17. Upon information and belief, Bridgepoint's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Bridgepoint contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number in light of him revoking his consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Bridgepoint was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Bridgepoint to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

Dated: October 27, 2014

                Respectfully submitted,

                By: __/s/ *Sergei Lemberg*__

                Sergei Lemberg, Esq.
                LEMBERG LAW, L.L.C.
                A Connecticut Law Firm
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile: (203) 653-3424
                Email: slemberg@lemberglaw.com
                Attorneys for Plaintiff:
                Kris Latz

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                __/s/ *Sergei Lemberg*__
                Sergei Lemberg, Esq.